UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| SINGING RIVER HEALTH SYSTEM a/k/a SINGING RIVER HOSPITAL SYSTEM, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No.: 3:15-cv-00036-HTW-LRA |
| KPMG LLP, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT KPMG LLP'S MEMORANDUM BRIEF
IN SUPPORT OF MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, TO STAY**

Defendant KPMG LLP stands behind the audit services it performed for Singing River Health System and stands ready to defend its audits in the proper forum. This Court is not that forum for two reasons. First, this is the wrong forum because the Court lacks subject matter jurisdiction. Both Singing River and KPMG are citizens of Mississippi; KPMG *LLP* is a limited liability partnership, is a citizen of every state where its partners live, and has partners living in Mississippi.

Second, this Court is the wrong forum because the claims belong in arbitration. The contracts on which Singing River sues, and from which it quotes in its complaint, contain provisions requiring any disputes arising from these

1

engagements to be arbitrated. KPMG takes seriously its obligations under its engagement letters with Singing River – all of them, including the arbitration provision – and looks forward to defending its audit work once Singing River honors its contractual obligations and brings its claims in the forum to which it agreed.

## I. GENERAL FACTUAL BACKGROUND

### A. Jurisdictional Allegations in Singing River's Complaint

Singing River alleges that the "Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are *citizens of different states* and the amount in controversy exceeds $75,000 exclusive of interest and costs." (Compl. ¶ 8 (emphasis added).) Singing River's invocation of diversity jurisdiction depends on KPMG being a citizen of a state other than Mississippi, where Singing River is domiciled. (Compl. ¶ 5).

Despite the fact that Singing River correctly identified "KPMG LLP" in the caption of its complaint, Singing River incorrectly alleges that KPMG "is *incorporated* in the State of Delaware." (Compl. ¶ 7 (emphasis added).) In fact, the "LLP" that follows KPMG in its name stands for "limited liability *partnership*." Indeed, the April 23, 2008 engagement letter[1] quoted by Singing

---

[1] The complaint alleges that the engagement letter is dated May 8, 2008. (Compl. ¶ 18.) Although Singing River signed the engagement letter on May 8, 2008, the engagement letter is dated April 23, 2008.

River in its complaint recites on the first page that KPMG is "a U.S. limited liability *partnership*." (Compl. ¶ 18; April 23, 2008 Engagement Letter, attached to Affidavit of Ashley Willson, dated March 4, 2015 ("Willson Aff.") as Exhibit A (emphasis added).)[2]

Singing River properly alleges that KPMG has an office in Jackson, Mississippi (Compl. ¶ 7) and that a KPMG partner who works from KPMG's Jackson office signed the 2008 engagement letter on behalf of KPMG (Compl. ¶ 18). The 2008 engagement letter is on the letterhead of KPMG's Jackson, Mississippi office. (Willson Aff., Ex. A.) And the letter was executed by a Mississippi citizen, one of three KPMG partners in the Jackson office. (Willson Aff., ¶¶ 1 & 2.)

**B.     The Engagement Letters Contain a Binding Arbitration Provision.**

Singing River's claims against KPMG are for breach of contract and for negligence / professional malpractice in the performance of those contracts. The

---

[2] Because Singing River referenced (indeed, quoted) the engagement letters in its complaint and because the engagement letters are central to Singing River's claims, the Court may consider the engagement letters in connection with KPMG's Motion to Dismiss. *See Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish*, 456 F. App'x 336, 340-41 (5th Cir. 2011); *U.S. ex rel. Academy Health Ctr., Inc. v. Hyperion Found., Inc.*, No. 3:10-CV-552-CWR-LRA, 2014 WL 3385189, at *41 (S.D. Miss. July 9, 2014). The Court is permitted to consider the affidavit offered by KPMG in support of its motion because KPMG is raising a factual challenge to the existence of the Court's subject matter jurisdiction. *See U.S. ex rel. Academy Health Center, Inc. v. Hyperion Found., Inc.*, No. 3:10-CV-552-CWR-LRA, 2014 WL 3385189, at *40 (S.D. Miss. July 9, 2014) (citing *Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 879 (N.D. Tex. 1998)).

contracts from which these claims arise are the engagement letters governing each of the financial statement audit engagements for fiscal years 2008 through 2012. Singing River alleges that KPMG provided financial statement audit services to Singing River for the 2008 fiscal year pursuant to the April 23, 2008 engagement letter (Compl. ¶ 20) and that "[e]ach subsequent year through 2012, KPMG and Singing River reconfirmed their agreement for that year's financial statement auditing and executed an amended Engagement Letter *with the same essential terms*." (Compl. ¶ 21 (emphasis added).)

The April 23, 2008 engagement letter contains an arbitration provision:

> Any dispute or claim arising out of or relating to this Engagement Letter or the services provided hereunder, or any other audit or attest services provided by or on behalf of KPMG or any of its subcontractors or agents to System or at its request, shall be submitted first to non-binding mediation . . . and if mediation is not successful within 90 days after the issuance by one of the parties of a request for mediation then to binding arbitration in accordance with the Rules for Non-Administered Arbitration of the International Institute for Conflict Prevention and Resolution then in effect ("CPR Arbitration Rules").

(Willson Aff., Ex. A, Attachment #1 – Financial Statement Audit, including OMB Circular A-133 Services, Dispute Resolution.) The engagement letter for the 2009 fiscal year financial statement audit contains an identical arbitration provision. (March 31, 2009 Engagement Letter, Willson Aff., Ex. B, Attachment #1 – Financial Statement Audit, Including OMB Circular A-133 Audit Services,

Dispute Resolution.) The engagement letters for the 2010, 2011, and 2012 fiscal year financial statement audits incorporate by reference the arbitration provision in the 2009 engagement letter. (April 29, 2010 Amendment, Willson Aff., Ex. C; May 2, 2011 Amendment, Willson Aff., Ex. D; May 1, 2012 Amendment, Willson Aff., Ex. E.) All five of these engagement letters are signed on behalf of Singing River by its then Chief Financial Officer, Michael Crews.

Singing River's claims "aris[e] out of or relat[e] to" the services provided by KPMG under these five engagement letters. Count I of the complaint alleges breach of contract – the contracts being the 2008 through 2012 engagement letters – and Count II alleges negligence and professional malpractice arising from KPMG's performance of audit services under those same engagement letters. Moreover, Singing River refers to the engagement letters and KPMG's obligations under the engagement letters throughout the complaint. (*See* Compl. ¶¶ 17, 18, 19, 20, 21, 22, 23, 30, 44, 45, 74, 75.)

## II. ARGUMENT AND CITATION OF AUTHORITY

**A. Singing River's Complaint Should Be Dismissed Because the Court Lacks Subject Matter Jurisdiction.**

*1. Singing River Has Failed to Plead Facts Establishing the Court's Diversity Jurisdiction.*

To assert state law causes of action, such as breach of contract or negligence, in federal court, Singing River must establish diversity jurisdiction, which requires disputes between citizens of different states where the matter in controversy

5

exceeds $75,000. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity" of citizenship. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). The plaintiff bears the burden of invoking the court's subject matter jurisdiction. *See McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975). "When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." *Id.* (internal quotations omitted).

Singing River invokes diversity jurisdiction in conclusory fashion, while ignoring the import of KPMG's express status as a limited liability partnership. (See Complaint at 1, Caption). "The citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey*, 542 F.3d at 1079 (citing *Carden*, 494 U.S. at 195-96); *see also Int'l Paper Co. v. Denkmann Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997). To plead adequately a limited liability partnership's citizenship, a plaintiff would have to allege "distinctly and affirmatively" the citizenship of all of the partnership's partners – both general and limited. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009). Singing River has not distinctly and affirmatively alleged the citizenship of *any* of KPMG's partners.

Singing River's allegations therefore fail to establish KPMG's citizenship and consequently the existence of complete diversity. Because Singing River's jurisdictional allegations fail to invoke the Court's diversity jurisdiction, Singing River's complaint should be dismissed under Rule 12(b)(1). *McGovern*, 511 F.2d at 654.

Rather than alleging the citizenship of KPMG's partners, as the law requires, Singing River alleges KPMG's state of incorporation and principal place of business, as if KPMG were a corporation. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a citizen where it is incorporated and where it has its principal place of business). Of course, state of incorporation and principal place of business are irrelevant concepts when determining the citizenship of a limited liability partnership. *See, e.g.*, *Delaware Poker, LLC v. Tiltware, LLC*, 771 F. Supp. 2d 658, 661-62 (W.D. Tex. 2011) (dismissing complaint for lack of subject matter jurisdiction where a plaintiff alleged state of incorporation and principal place of business for a limited liability company). Thus, those jurisdictional allegations which Singing River does make in its complaint are legally insufficient and irrelevant to KPMG's citizenship.

  2. *Complete Diversity Does Not Exist Between Singing River and KPMG.*

It would be futile for Singing River to seek to amend its allegations to establish diversity jurisdiction; KPMG has partners who are Mississippi citizens.

There are three KPMG partners resident in the Jackson office, and the partner who signed the April 23, 2008 engagement letter for KPMG is a Mississippi citizen. (Willson Aff., ¶¶ 1 & 2.) For diversity jurisdiction purposes, KPMG is therefore a Mississippi citizen. *See Harvey*, 542 F.3d at 1079. Since both Singing River and KPMG are Mississippi citizens for diversity jurisdiction purposes, complete diversity cannot exist, and subject matter jurisdiction is lacking. *Id*.

**B.  Singing River's Complaint Should Be Dismissed Because Its Claims Are Contractually Required To Be Arbitrated.**

Singing River filed its complaint in the wrong forum for a second reason: the claims in the complaint are subject to valid, binding arbitration provisions between Singing River and KPMG. The Court therefore should dismiss Singing River's complaint pursuant to Rule 12(b)(3) for improper venue.[3]

Courts perform a two-step inquiry when determining whether a party's claims are subject to arbitration: first, courts determine whether the parties agreed to arbitrate the dispute, considering whether there is a valid arbitration agreement and whether the dispute in question falls within the scope of the arbitration agreement; and, second, courts consider whether any federal statute or policy renders the claims non-arbitrable. *Will-Drill Res., Inc. v. Samson Res. Co.*, 352

---

[3] A motion to dismiss under Rule 12(b)(3) is a proper vehicle for seeking dismissal based on an arbitration provision between the parties. *See, e.g.*, *Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 n.3 (5th Cir. 2010); *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005); *Sinners & Saints, LLC v. Noire Blanc Films, LLC*, 937 F. Supp. 2d 835, 845 (E.D. La. 2013).

F.3d 211, 214 (5th Cir. 2003).

The contracts on which Singing River sues each contain an agreement to arbitrate the types of claims Singing River alleges in the complaint. Each of the engagement letters at issue in this action was signed by a partner of KPMG and the Chief Financial Officer of Singing River. (Compl. ¶ 18; Willson Aff., Exs. A – E.) Each of the engagement letters contains an arbitration provision committing to binding arbitration "[a]ny dispute or claim arising out of or relating" to the engagement letter or services provided under the engagement letter. (Willson Aff., Ex. A, Attachment #1 – Financial Statement Audit, including OMB Circular A-133 Services, Dispute Resolution; Ex. B , Attachment #1 – Financial Statement Audit, including OMB Circular A-133 Services, Dispute Resolution; Exs. C – E (incorporating by reference the arbitration provision in the March 31, 2009 Engagement Letter).)

Singing River's claims for breach of contract and for negligence / professional malpractice fall squarely within the scope of the arbitration provisions. In *Pennzoil Exploration & Production Co. v. Ramco Energy Ltd.*, the Fifth Circuit considered a similar arbitration provision and found that such provisions "embrace all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute." 139 F.3d 1061, 1067 (5th Cir. 1998) (citing *J.J. Ryan & Sons, Inc. v. Rhone Poulenc*

9

*Textile, S.A.*, 863 F.2d 315, 321 (4th Cir. 1988)). Finally, no federal policy or statute renders Singing River's claims non-arbitrable.

Because Singing River's claims are arbitrable under a valid, binding arbitration agreement between Singing River and KPMG, this Court is not the proper venue for Singing River to raise its claims. The Court should therefore dismiss Singing River's complaint under Rule 12(b)(3), so that Singing River's claims can be addressed in binding arbitration as Singing River agreed to do.

**C. In the Alternative, If the Court Does Not Dismiss Singing River's Complaint, It Should Stay This Action Pending Arbitration.**

If the Court determines that it does have subject matter jurisdiction and decides not to grant the Rule 12(b)(3) motion, the Court nonetheless should stay this action pending arbitration of Singing River's claims pursuant to the Federal Arbitration Act. 9 U.S.C. § 3. The Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. A motion to stay under Section 3 of the Federal Arbitration Act requires a court to decide "'whether there is a valid agreement to arbitrate between

the parties,' and 'whether the dispute in question falls within the scope of that arbitration agreement.'" *Evergreen Media Holdings, v. Warner Bros. Entm't*, 2014 WL 5681852, at *5 (S.D. Tex. Nov. 4, 2014) (quoting *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006)).

As discussed above, Singing River and KPMG entered into valid agreements to arbitrate "[a]ny dispute or claim arising out of or relating to" the engagement letters "or the services provided" under the engagement letters for the financial statement audits, and Singing River's breach of contract claims and negligence and professional malpractice arising out of and relating to those very engagement letters fall within the broad scope of the arbitration provisions. *Pennzoil*, 139 F.3d at 1067. Thus, if the Court does not dismiss this action, it should enter a stay pending arbitration pursuant to Section 3 of the Federal Arbitration Act. 9 U.S.C. § 3.

### III.    CONCLUSION

Singing River chose to sue KPMG in federal court, despite the lack of federal subject matter jurisdiction and despite its own contractual obligation to submit such claims to binding arbitration. The Court should therefore dismiss Singing River's complaint under Federal Rules of Civil Procedure 12(b)(1) and

12(b)(3).[4]  Alternatively, the Court should stay this action pending arbitration pursuant to the Federal Arbitration Act, because the claims Singing River makes in its complaint are subject to a valid, binding arbitration provision.

DATED:  March 6, 2015.

Respectfully submitted,

**KPMG LLP**

By:   **s/Amelia Toy Rudolph**
One of Its Attorneys

OF COUNSEL:

R. David Kaufman (MS Bar No. 3526)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Post Office Drawer 119
Jackson, Mississippi  39205
telephone:  (601) 948-3101
facsimile:  (601) 960-6902
dkaufman@brunini.com

Taylor McNeel (MS Bar No. 102737)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
727 Howard Avenue
Suite 401 (39530)
Biloxi, Mississippi  39533-0127
telephone:  (228) 435-1198
facsimile:  (228) 435-0639
TMcNeel@brunini.com

---

[4] Pursuant to Rule 16(b)(3)(B) of the Uniform Local Rules for the Southern District of Mississippi, KPMG also requests that the Court stay the attorney conference and disclosure requirements and all discovery not related to the issues raised in KPMG's Motion.  A proposed order to this effect is being submitted to the Court.

Amelia Toy Rudolph  (GA Bar No. 715126)
  (admitted *pro hac vice*)
Patricia A. Gorham  (GA Bar No. 302669)
  (admitted *pro hac vice*)
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Suite 2300
Atlanta, Georgia  30309
telephone:  (404) 853-8000
facsimile: (404) 853-8806
amelia.rudolph@sutherland.com
patricia.gorham@sutherland.com

*Attorneys for Defendant KPMG LLP*

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 6, 2015, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

           Edward C. Taylor
           DANIEL COKER HORTON AND BELL, PA
           1712 15th Street, Suite 400
           P.O. Box 416
           Gulfport, Mississippi 39502-0416
           etaylor@danielcoker.com

           Terry R. Levy
           DANIEL COKER HORTON AND BELL, PA
           4400 Old Canton Road, Suite 400
           P.O. Box 1084
           Jackson, Mississippi 39215-1084
           tlevy@danielcoker.com

           Katherine G. Treistman
           SUSMAN GODFREY L.L.P.
           1000 Louisiana
           Suite 5100
           Houston, Texas 77002-5096
           ktreistman@susmangodfrey.com

           Tamar Lusztig
           SUSMAN GODFREY L.L.P.
           560 Lexington Avenue
           15th Floor
           New York, New York 10022-6828
           tlusztig@susmangodfrey.com

                        **s/Amelia Toy Rudolph**
                        Attorney for KPMG LLP